307 P.2d 892

**Clayton E. BUTT, Plaintiff and Appellant,**

**v.**

**Marcell GRAHAM, Warden, Utah State Prison, Defendant and Respondent.**

No. 8592.

Supreme Court of Utah.

March 5, 1957.

134

M. Conway Morris, Bountiful, for appellant.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Asst. Atty. Gen., for respondent.

WADE, Justice.

This is an appeal from a refusal of the District Court to grant either a writ of habeas corpus or a writ of coram nobis. Affirmed.

Appellant upon conviction of the crime of "carnal knowledge" was sentenced and imprisoned in the Utah State Prison, from which sentence and imprisonment he seeks to be released on the ground that the constitutional guaranties of due process preserved by Article 1, Section 7 of the Utah State Constitution and Amendment XIV, Section 1 of the United States Constitution were violated by the district attorney knowingly suppressing evidence material to his defense. The State concedes that the suppression of evidence material to the defense of a person accused of crime by a prosecuting officer would amount to a denial of due process,[1] but points out that the District Court, after a hearing on the appellant's petition for the writ of habeas corpus, found that there had been no suppression of such evidence by the district attorney, and that this finding is amply supported by the evidence. We agree.

The evidence at the hearing disclosed that the prosecution failed to introduce into evidence the results which it had of an examination by a private physician of the prosecutrix. The results of this examination showed no trauma of the female.

1. United States ex rel. Montgomery v. Ragen, D.C., 86 F.Supp. 382; Jordon v. Bondy, 72 App.D.C. 360, 114 F.2d 599.

organs of the prosecutrix, nor the presence of spermatozoa. However, the doctor who made the examination testified that in the absence of proof that the prosecutrix was a virgin at the time the intercourse was alleged to have taken place, the fact that there was no trauma was inconclusive as to whether intercourse had or had not taken place, as was also the absence of spermatozoa without knowledge of other factors.

■ Appellant testified that at the time of the trial he did not know the prosecutrix had taken such a medical examination. However, the attorney who represented appellant at his trial for carnal knowledge testified that he had been advised of such an examination before the trial but that the prosecuting attorney had indicated that he believed such examination to be inconclusive because the slides had been smeared or spoiled or something of that nature. This attorney further testified that he discussed this matter with appellant and advised him to go to the officers in Ogden and find out what he could about these tests, and if they seemed favorable, they would try to get the doctors to come to the trial and testify. The prosecuting attorney admitted discussing the examination with appellant's attorney and telling him that he thought the tests were inconclusive. In view of all the evidence on this point,

the court was justified in finding that appellant had knowledge of this examination before his trial. This evidence was as available to him as it was to the prosecuting attorney, and, therefore, the court did not err in finding there was no suppression of material evidence by the prosecuting attorney amounting to a denial of due process. See United States ex rel. Thompson v. Dye, D.C., 123 F.Supp. 759, at page 762, wherein the court said:

"It is my opinion that the Commonwealth is not required to disclose every shred of evidence in its possession which counsel may construe as favorable to an accused. The suppression of evidence may be a denial of due process when it is vital evidence, material to the issues of guilt or penalty. U[nited] S[tates] ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F.2d 815, [33 A.L.R.2d 1407]. Evidence is not suppressed or withheld if the accused has knowledge of the facts and circumstances or if they otherwise become available to him during the trial. See United States v. Rutkin, 3, Cir., 1954, 212 F.2d 641."

■ The record discloses that no newly discovered evidence was produced at the hearing that could not have been produced at the trial, and, therefore, it is clear the

court did not err in refusing to grant the writ of coram nobis.

McDONOUGH, C. J., and CROCK-ETT, and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.