## JONES *v.* STATE

[No. 23, September Term, 1962.]

*Decided October 16, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Stanley J. Schapiro,* with whom was *Michael F. Freedman* on the brief, for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Dene L. Lusby, State's Attorney* and *Assistant State's Attorney for Baltimore City,* respectively, on the brief, for appellee.

PER CURIAM.

Lonnie B. Jones was convicted by a jury in the Criminal Court of Baltimore of violating the narcotics law, and, after sentence, he appealed. He complains here that the evidence was insufficient to sustain the conviction, and that the trial court erred in not instructing the jury as to the weight to be given to the testimony of the apprehending officer.

There was evidence to show a sale of heroin by the appel-

lant to a police officer. The contention as to the sufficiency of the evidence must fail. The record shows, and the appellant concedes, that no motion for a directed verdict (now a judgment of acquittal) was made at any stage of the trial. Thus the question is not before us for determination. Code (1957), Art. 27, Sec. 593; *Humphreys v. State*, 227 Md. 115.

The appellant's second contention is also not properly before us, because no objection was made to the court's advisory instruction to the jury. Maryland Rule 756 g. However, while appellant denies making the sale of heroin, his version of the episode was that the police officer was attempting to entrap him into making a sale, and he therefore claims the court should specially have instructed the jury as to the weight to be given to the officer's testimony. He relies upon a statement made in *Callahan v. State*, 163 Md. 298, at 302, that while [under circumstances comparable to those here] it is not objectionable for an officer to lay a trap to detect an offender, "The only effect would be to justify a more careful scrutiny of the evidence". Even though appellant did not request a special instruction and made no objection to the court's charge as given, he asks us to invoke the discretion vested in us by Rule 756 g to "take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to" as otherwise provided by the Rule. However, we have read the instructions given by the trial judge to the jury and find them adequate under the circumstances of the case, and we find in the record no plain error material to the rights of the appellant. Hence this case does not present a situation calling for invocation of the Rule.

*Judgment affirmed.*