KIRKORIAN *v.* STATE

[No. 126, September Term, 1963.]

*Decided January 24, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Leonard J. Kerpelman* for appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Howard G. Reamer, Assistant State's Attorney,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, convicted of the common law misdemeanor of indecent exposure by a jury in the Criminal Court of Baltimore and sentenced to two years' imprisonment, now appeals.

Two teen-age girls testified that, while walking to school, they passed a blue automobile parked at the curb and saw a man seated in the front seat handling his exposed private parts. A third young girl testified to a similar experience earlier that day at the same place. The police were notified. A week later one of the girls, while being driven to school by her mother, saw the same man in the same car, parked about a block from where the incidents had occurred. She wrote down the license number, and later the appellant was arrested, without a warrant. In a police "lineup", he was identified separately by all three girls.

The appellant raises five contentions, all without merit. The first is that his sentence of two years was so excessive as to constitute cruel and unusual punishment, particularly in view of Code (1957), Art. 27, Sec. 122 (which provides that indecent exposure in a public waiting room or public conveyance shall be punished by a maximum fine of fifty dollars, or in default of payment, by a maximum prison term of sixty days). The offense charged here is not within the purview of the statute cited. Indecent exposure is a common law misdemeanor. In the case of common law crimes, the only restrictions on sentence are that it be within the reasonable discretion of the trial judge and not cruel and unusual punishment. *Messina v. State,* 212 Md.

602, 607, 130 A. 2d 578 (1957). Here it does not appear that the sentence was an abuse of discretion or cruel or unusual under the circumstances present. *Delnegro v. State,* 198 Md. 80, 88, 81 A. 2d 241 (1951).

The second contention is that it was a violation of appellant's constitutional rights "to illegally arrest him, place him in a 'lineup', and then use the evidence thus made, against him at his trial". However, the record shows that counsel for the appellant (not the same as on appeal) failed to object to the line of questioning whereby the "lineup" identification was developed. Moreover, it was not contended below that the arrest was illegal. Thus these questions are not properly before us. Maryland Rule 885.

It is next urged that it was error and a denial of due process to prevent counsel from showing that the "lineup" was not fairly conducted. The three girls testified that at the "lineup" the appellant was dressed better than the other participants. Counsel for appellant then asked "So isn't it true it was rather easy to pick out a neatly dressed man?" An objection to this question was sustained. We cannot say that this was error since the proposed question, even if affirmatively answered, would fail to establish that the "lineup" was not fairly conducted. If counsel for appellant had wished to pursue further the question of the fairness of the "lineup", he should have followed up with other questions or at least made a proffer to show what he was attempting to prove and how he planned to prove it. *Humphreys v. State,* 227 Md. 115, 123, 175 A. 2d 777 (1961). In any event there was no prejudice, since all three girls identified appellant at the trial.

The appellant also claims that the trial court's failure to rule on various objections was a denial of due process. The objections referred to were made to prevent the introduction of hearsay. In each instance the Assistant State's Attorney immediately instructed the witness not to state what other people had said. Thus, the purpose of the objections was fulfilled and no prejudice resulted.

Finally, the appellant asks us to invoke the discretion vested in us by Rule 756 g to take cognizance of and correct what he says are two instances of plain error material to his rights

in the court's advisory instructions to the jury, even though his trial counsel failed to object to the court's charge as given or to request any further instructions, as required by Rules 756 f and 885 to reserve such points on appeal.

The first instance deals with the court's instruction concerning the reason for the admission of the appellant's prior criminal record. The appellant cites, entirely out of context, the sentence italicized in the following quoted passage and argues that it violates the rule that previous convictions are admissible only to impeach the credibility of the defendant. However, the whole instruction on this point was as follows:

> "There has been some evidence in this case of prior offenses of the law committed by the defendant. You do not convict this man or any other man on the basis of prior offenses. He is not being tried for those prior offenses. He has been punished for them. The only reason that that is admissible and, therefore, called to your attention is that it may go to credibility; *Do those prior offenses indicate that the defendant had any reason for not telling you the truth.* As I say, it only goes to the question of credibility and not as to the question of guilt or innocence for this particular offense." (Emphasis supplied.)

We think the italicized rhetorical question, taken in context with the whole instruction, was at least not prejudicial to the appellant under the circumstances of this case. See *Taylor v. State,* 226 Md. 561, 566-567, 174 A. 2d 573 (1961) ; *Jones v. State,* 229 Md. 472, 474, 184 A. 2d 809 (1962) ; *Tull v. State,* 230 Md. 152, 156, 186 A. 2d 205 (1962).

The appellant also contends that it was "plain error" for the trial judge to state, in the instructions, that "I have the right to tell you, and I do tell you, this is a violation of the Common Law." Again the appellant seizes upon one sentence and disregards the context in which it appears. At the time, the court was instructing the jury as to the two types of violations—of the statutory law, and of the common law. The court had told the jury that it "is the judge of the law and of the facts of any

criminal case". Then, immediately prior to the sentence complained of, the court said:

> "* * * We have statutory laws in some cases and in this case we are dealing with what I previously explained to you, an offense under the common law, and you do not ignore or overlook that, but it is your function to determine whether or not that law applies or whether that should be the law of the particular case you are hearing. * * *"

We think it obvious from the context that the meaning of the disputed sentence was, "* * * this [the offense of indecent exposure] is a violation of the common law," *i.e.* that the appellant was charged with a violation of the common law. We do not think there was room for the jury to be misled, and we find that the instruction, taken in context, was fair and proper. See *Jones v. State* and *Tull v. State,* both *supra.*

Hence, in neither instruction complained of do we find any plain error or any violation of the appellant's constitutional rights.

*Judgment affirmed; appellant to pay the costs.*