## WALLACE CLIFTON WARD AND RONALD TYRONE FOSQUE *v.* STATE OF MARYLAND

[No. 315, Initial Term, 1967.]

*Decided January 9, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

688

*Patrick L. Rogan, Jr.,* with whom was *Lionel Bennett* on the brief, for appellants.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Alfred T. Truitt, Jr., State's Attorney for Wicomico County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellants, Wallace Clifton Ward and Ronald Tyrone Fosque, were convicted by a jury in the Circuit Court for Wicomico County (the case having been removed from Somerset County) of raping a ninety-two year old woman, for which they were given life sentences.

In this appeal, they contend that the lower court committed prejudicial error in denying their Motion for Inspection which was filed at the conclusion of the State's case. Through their Motion they sought the following:

"1. All documents in the possession of the State concerning this case, which were not introduced into evidence.

2. A list of all witnesses known to the State who have some knowledge about this case, but who have not been called to testify.

3. All written statements about this case made by persons, for the State, who have not been called to testify.

4. All written statements about this case made by persons, for the State, who were called to testify.

5. A summary of any oral statements about this case made by persons, for the State, who have not been called to testify.

6. A summary of any oral statements about this case made by persons, for the State, who were called to testify.

7. That the State allow Defendants' counsel to examine all items in the file of the State's Attorney for Somerset County and in the file of the State's

Attorney for Wicomico County or in their posses-
sion or under their control which is relevant to,
refers to, is material to or related in any manner
to the guilt or innocence of the Defendants.

8. That the State allow Defendants' counsel to ex-
amine all items in the file of all criminal investiga-
tion officers or in their possession or under their
control which is relevant to, refers to, is material
to, or related in any manner to the guilt or inno-
cence of the Defendants.

9. A complete disclosure by the State of all items
and information which it has in its possession, un-
der its control or of which it has knowledge which
is favorable to the Defendants on the question of
his guilt or innocence.

10. Copies of all reports made by Criminal Investigat-
ing Officers about this case."

Prior to trial, the Appellants had exercised their right of
discovery and inspection under Maryland Rule 728 and had
obtained from the State's Attorney the names of witnesses to
be called on behalf of the State; the names of all law enforce-
ment officials who had any communications with the Appellants;
all articles removed from the persons of the Appellants; all re-
ports of law enforcement officials (including laboratory tests)
received by the State's Attorney; all written and oral state-
ments given by the Appellants; and all papers, memoranda, and
recordings made in connection with statements given to law en-
forcement officials by the Appellants.

The Appellants argue that the denial of their Motion
amounted to a suppression of evidence, and, therefore, "a de-
nial of due process of law." They concede, however, that they
did not, and do not now, "know specifically of any evidence
favorable to them on the issue of their guilt which was sup-
pressed by the prosecution." They also state: "In order for a
suppression of evidence by the State to be reversible error, it
must appear that at the time of trial the defense did not have
knowledge of the evidence, that the State did, and that it was
suppressed. *Dyson v. Warden,* 233 Md. 630 (1960)".

It is the Appellants' contention, however, that they are entitled "to conduct a thorough examination of all information and documents known to the State and its investigators to determine if they had knowledge of anything favorable to the Accused."

In support of this contention they rely upon *Brady v. Maryland,* 373 U. S. 83 and *State v. Giles,* 239 Md. 458.[1] We do not read *Brady* or *Giles* in the same light. In affirming the decision of the Court of Appeals of Maryland, the Supreme Court of the United States in *Brady,* stated:

> "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

In reaching this conclusion the Supreme Court had before it a holding of the Maryland Court of Appeals in a proceeding under the Uniform Post Conviction Procedure Act that Brady, who had been sentenced to death after conviction of first degree murder along with confederate, Boblitz, was entitled to a retial on the question of sentence (not guilt) because the State's Attorney had withheld, after request therefor, a statement of Boblitz that he, not Brady, had done the actual killing. Both Courts found that since the jury was empowered to control the issue of sentence by accompanying, or not, their verdict of guilty with the words "without capital punishment", the requested, but withheld, evidence was material to the issue of sentence and, therefore, its suppression constituted a denial of due process under the Fourteenth Amendment.

---

1. The Appellant also calls attention to an article by Judge James M. Carter of the U. S. District Court for the Southern District of California entitled, "Suppression of Evidence Favorable to an Accused", 34 F.R.D. 87. Judge Carter essays to equate the so-called Jencks Rule with *Brady* and concludes that under *Brady* it would be appropriate, at least in Federal Courts, for the defense to file at the conclusion of the government's case, a motion similar to the one here under consideration.

The Appellants set forth the following statement from *State v. Giles, supra,* in support of their position:

"As we see it, the prosecution should disclose to the defense such information as it has that may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory, and where there is doubt as to what is admissible and useful for that purpose, the trial court should decide whether or not a duty to disclose exists."

However, prior to making this statement the Court had said (at p. 470):

"Certainly there should be no duty on the prosecution to disclose evidence that is available to the accused or lacking in probative value, or, in some circumstances, evidence that is merely circumstantial. See *Jordan v. Bondy,* 114 F. 2d 599 (D. C. Cir. 1940) and *Butt v. Graham,* 307 P. 2d 892 (Utah 1957). See also *Brady v. Maryland, supra,* and 60 Colum. L. Rev. 858. The defense may be as well able to explore outside sources of information as the prosecution. *United States v. Lawrenson,* 298 F. 2d 880 (4th Cir. 1962)."

In the case at bar, unlike in *Brady* and *Giles,* there is no assertion that evidence, "material either to guilt or punishment" or evidence "admissible and useful to the defense" was suppressed by the State. It is readily admitted that the sole purpose of the Motion was "to conduct a thorough examination of all information and documents known to the State and its investigators to determine if they had knowledge of anything favorable to the accused persons."

To grant the Appellants' Motion in the posture in which it was submitted, would amount to an extension of Rule 728 and the principles enunciated in *Brady* and *Giles* [2] which is unwar-

---

2. No mention of *Giles v. State,* 87 S. Ct. 793 (1967) is made in either the Appellants' or States' Briefs. We find nothing therein which would proscribe our decision here.

ranted by the factual situation here presented. It would authorize a general, exploratory examination of the State's files in the very midst of trial, which, if established as a practice, could, in effect, substantially disrupt, if not abrogate, the fundamentals of our existing system of criminal procedure and practice. See *Kardy v. Shook,* 237 Md. 524; *Williams v. State,* 226 Md. 614; *Glaros v. State,* 223 Md. 272; *Whittle v. Munshower,* 221 Md. 258.

The Appellants, having already exercised their rights of discovery under Rule 728 and having made no showing, or even an allegation, that there has been an actual suppression of evidence by the State, we hold that the lower court did not abuse its discretion in denying the Appellants' Motion for Inspection; that the denial of the Motion did not, *per se,* amount to a suppression of evidence and, accordingly, there was no denial of due process.

*Judgment affirmed.*