## JAMES LESLIE PRESLEY *v.* STATE OF MARYLAND

[No. 314, September Term, 1967.]

420

*Decided March 26, 1969.*

G. *Denmead LeViness* and *Thomas W. Jamison, III,* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, James A. Wise, State's Attorney for Caroline County, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter D. Ward* and *Howard L. Cardin, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, James Leslie Presley, was first convicted of rape upon an eleven-year-old girl by a jury in the Criminal Court of Baltimore and sentenced to death in April 1960. The judgment of conviction was affirmed by the Court of Appeals of Maryland in *Presley v. State,* 224 Md. 550. Thereafter, Presley was granted a new trial as a result of habeas corpus proceedings filed in the United States District Court for the District of Maryland. See *Presley v. Pepersack,* 228 F. Supp. 95 (1964). The second trial was conducted in the Circuit Court for Harford County and, again, Presley was found guilty of rape by a jury and this time sentenced to life imprisonment. While his appeal was pending, *Schowgurow v. State,* 240 Md. 121 was decided and on the basis of that decision he elected to seek and was granted a new trial which was held in the Circuit Court for Caroline County and, again, he was convicted by a jury of rape and sentenced to life imprisonment.

In this appeal from his third trial, Presley's appellate counsel complains that the trial judge's instructions to the jury concerning the penalty for the crime of rape were erroneous. Specifically, his complaint is directed to the following excerpt from the instructions:

> "Under recent decisions of the Federal Court interpreting the Constitution of the United States, they have made some rulings which, when applied to the history of this case, would prohibit this Court from imposing the death penalty under this general law and under a general verdict of guilty in this case. We, therefore, say

to the jury in an advisory instruction, here, on the law, it is our opinion that, if you find a general verdict of guilty without the condition, that is, without capital punishment annexed to it, the Court, then, will be called upon to exercise their discretion under this law of imprisonment for no less than 18 months nor more than 21 years or imposing a life sentence in the Court's discretion.

"Imprisonment up to 21 years or life imprisonment under a general verdict of guilty or under a verdict of guilty without capital punishment, the maximum imprisonment would be not more than 20 years.

"I mention these penalties because the jury is called upon, in the event of a finding of guilty, to decide, in their discretion, which of these forms of verdicts under a guilty finding, they determine to bring in. I say to you that it is the Court's opinion that in the light of these recent Federal decisions, when applied to the history of this case, we would not be permitted to impose the death penalty under a general verdict of guilty. The maximum would be as I have related, which of those two verdicts the jury brings in."

At the time the instructions were given to the jury, Presley's trial counsel excepted to that part of the instructions which referred to "recent decisions of the Federal Court" which "when applied to the history of this case, would prohibit this Court from imposing the death penalty." [1] It is argued that once the trial judge informs the jury that he is precluded, for whatever reason, from imposing the death penalty, the jury, as a practical matter, would tend to ignore the authority given by

---

1. Md. Code, Art. 27, § 461 provides:
    "Every person convicted of a crime of rape or as being accessory thereto before the fact shall, at the discretion of the court, suffer death, or be sentenced to confinement in the penitentiary for the period of his natural life, or undergo a confinement in the penitentiary for not less than eighteen months nor more than twenty-one years; and penetration shall be evidence of rape, without proof of emission."

Md. Code, Art. 27, § 463 [2] to bring in a verdict of guilty, without capital punishment, which would preclude the trial judge from imposing a sentence greater than twenty years. In other words, when the jury is advised that the judge is legally prohibited from imposing the death sentence, the jury might conclude that it is unnecessary to add as a condition to the verdict the limitation "without capital punishment"; that it would simply bring in a general verdict of guilty and thus enable the judge, in his discretion, to impose a life sentence rather than limiting his sentence to one of not less than eighteen months or more than twenty years. We are of the opinion that this is a fallacious assumption.

An examination of the instructions in their entirety reveals that the judge made it clear to the jury that his instructions were purely advisory. He asserted:

> "In a criminal case, the jury is the sole and final judges of the law as well as the facts. So, what the Court says to you, therefore, in regard to the law is advisory only, and is not binding upon you. You are at liberty to exercise your judgment as to what the law is, notwithstanding, the Court's advice."

Moreover, the trial judge made it abundantly clear that it was the duty of the jury, alone, to determine what verdict to return. He explained to them as follows:

> "In this event, which one of those three verdicts the jury brings in, that is, not guilty, guilty without capital punishment, guilty as [sic] a matter for the jury to

---

**2.** Md. Code, Art. 27, § 463 provides:
"The jury which finds any person guilty of rape under § 461 of this subtitle, or guilty of carnal knowledge under § 462 of this subtitle, may add to their verdict the words "without capital punishment," in which event the sentence of the court shall not exceed twenty years in the penitentiary; and in no such case in which the jury has returned a verdict including the words "without capital punishment" shall the court in imposing sentence, sentence the convicted person to pay the death penalty or to be confined in the penitentiary for more than twenty years."

> determine and decide after a full and conscientious consideration of the evidence and the application to those true facts as you find them to be under the evidence and the application of the law of this State to those true facts."

As stated in *Jones v. State,* 182 Md. 653 (at p. 661) : "It is almost the universal custom in this State for the trial court in a murder [or rape] case to instruct the jury as to the forms of verdict which they can render. * * * We are of the opinion that if the trial judge sees fit to instruct as to the penalty for some of the verdicts which the jury may render, information should be given as to the penalty for all of the verdicts." See also *Shoemaker v. State,* 228 Md. 462, where the Court of Appeals found no error in an instruction by the trial judge relating to the possible penalty in a rape case—a minimum of eighteen months and a maximum of twenty years—in case of a verdict of guilty without capital punishment. In the case at bar, the trial judge followed the usual practice and instructed the jury both as to the possible forms of their verdicts and the penalties that could be imposed in connection with each form of verdict. He made it clear to the jury that the responsibility for the form of the verdict was theirs alone and we do not think that his reference to the court's lack of authority to impose the death sentence was intended to, or in fact did, influence the jury in reaching the verdict that was returned.

The contention here is not unlike that in *Reeves v. State,* 3 Md. App. 195, 201, where the accused was found guilty of rape and on appeal contended that it was error for the trial judge to instruct the jury that it had "a certain prerogative not normally enjoyed by a criminal jury," indicating that it could prevent the imposition of the death sentence by conditioning its verdict with the words "without capital punishment." It was argued that "thinking it had control over punishment, the jury was more likely to bring in the compromise verdict of guilty, without capital punishment, and that the defendant's chances for acquittal were gravely prejudiced." This Court found the contention to be meritless since "the trial judge included in his instructions a clear admonition that 'the imposition of sentence

is purely within the province of the trial judge.' " In the case at bar, the trial judge likewise made it clear in the course of his instructions that "the jury has no connection with the matter of sentencing" and that its "whole function is to determine the guilt of the accused or the innocence of the accused."

We have carefully read the instructions given by the trial judge below and we are of the opinion that they were not misleading or confusing (cf. *Midgett v. State*, 216 Md. 26 and *Shoemaker v. State, supra*) and did not prejudicially influence the jury's verdict to the detriment of the appellant.

In addition to the contention raised by Presley's appellate counsel which we have just discussed, Presley submitted, *pro se,* in a handwritten brief consisting of 112 pages, some forty-four questions which he seeks to have this Court answer, and he further urges this Court to conduct an evidentiary hearing in order to ascertain the answers to an additional thirty-five questions that he has posed. With respect to the appellant's latter request, there is no provision in the statutory authority of this Court or in the Maryland Rules which would permit the Court to conduct an evidentiary hearing of the type sought by the appellant. Moreover, the Maryland Rules specifically provide that "an appeal to this Court shall be heard on the original papers" and "the term 'original papers' includes exhibits and the transcript of the testimony" given at the trial below. Md. Rule 1026 b. In addition, the scope of review by this Court is ordinarily limited to questions decided by the lower court. Md. Rule 1085. Accordingly, the appellant's request for an evidentiary hearing is denied.

A number of the forty-four questions raised by the appellant relate to the same general contention and, rather than set forth the questions *seriatim* and *verbatim,* we shall confine our discussion to the appropriate categories in which the questions appear to fall.

I

A number of Presley's questions are directed toward the contention that the in-court identification of him by the prosecuting witness was the fruit of an illegal police lineup and the result of slides which included pictures of him. The record reveals that all testimony relating to Presley's in-court and out of court

identifications by the proecuting witness came in without objection. Thus, the questions are not properly before this Court for review since they do not "plainly appear by the record to have been tried and decided by the lower court * * *." Md. Rule 1085. Moreover, in his first appeal Presley made a similar contention and the Court of Appeals found, after a full discussion of the law governing judicial and extra-judicial identifications of an accused, that there was nothing in the record to "call for a finding that the identification was made under conditions of unfairness or unreliability" which was the prevailing test at the time Presley's in-court and out of court identifications were made.[1] *Presley v. State, supra,* pp. 556-557. An examination of the record before us, leads only to the same conclusion.

## II

Presley's complaint that it was error to deny his request to appear before the Grand Jury is without merit since an accused has no such right. *Chesley v. State,* 3 Md. App. 588. His assertion that the Grand Jury of Baltimore City was without jurisdiction to return an indictment has no merit since he concedes that the crime was committed in the State of Maryland, *Cole v. State,* 232 Md. 111, 118; and, by entering a plea without having first raised the question of venue, he is deemed to have waived his right to object. *Kisner v. State,* 209 Md. 524; *Lievers v. State,* 3 Md. App. 597, 605. In any event, contrary to Presley's urging, the record is clear that the crime was committed within the geographical limits of Baltimore City. Likewise, there is no merit in his contention that the indictment should have been dismissed because the prosecuting witness did not appear before the Grand Jury. There is no such constitutional requirement and the sufficiency of the evidence before the Grand Jury is not ordinarily reviewable. *Wilson v. State,* 4 Md. App. 192, 207; *James Michael Grimm v. State of Maryland,* 6 Md. App. 321. Presley's contention that it was error to deny his request for a transcript of the testimony before the Grand Jury is without substance since he did not demonstrate any "particularized

---

1. The standards enunciated in *United States v. Wade,* 388 U. S. 218 and *Gilbert v. California,* 388 U. S. 263, are not retroactive and, therefore, are not applicable here.

need" for a record of such testimony. *Dennis v. United States,* 384 U. S. 855; *Pittsburgh Plate Glass Co. v. United States,* 360 U. S. 395. Furthermore, his contention that the indictment should have been dismissed because the Grand Jury was "without constitutional authority" is a mere bald allegation unsupported by the record.

## III

The second and third trials did not constitute placing the appellant in double jeopardy, as he constends. It is well settled that an accused who has been tried on an indictment found to be invalid under *Schowgurow v. State, supra,* has not been placed in jeopardy and he may be re-indicted and re-tried for the same offense. *Boone v. State,* 2 Md. App. 80, 118; *Sadler v. State,* 1 Md. App. 383, 386-387. Also, the re-trial of an accused, after his judgment of conviction has been reversed on appeal for error in the previous trial, does not place him twice in jeopardy. *Hartley v. State,* 4 Md. App. 450; *Gee v. State,* 2 Md. App. 61.

## IV

This Court is without jurisdiction to review Presley's contention that his petition for a writ of habeas corpus should have been granted. Md. Code, Art. 27, § 645 A (e). His contention that the indictment should have been dismissed "because of the inexcusable delays" is without substance since it is apparent from the record that he made no motion for a speedy trial; that such delays as occurred were attributable to the appellant; and he has shown no prejudice or strong possibility of prejudice. *Stevenson v. State,* 4 Md. App. 1; *Manning v. State,* 2 Md. App. 177.

## V

The appellant was indicted separately for the crime of rape and the crime of kidnapping. He was tried below on the rape indictment, which is the subject of this appeal, and the kidnap indictment was *nol-prossed* in open court subsequent to his conviction on the rape charge. His questions concerning the charge of kidnapping are, therefore, moot.

## VI

There is no merit in Presley's contention that the indictment

was invalid "because it did not apprise the appellant of the whole crime he was to be tried for, nor did it apprise him of any law, statute, or constitutional provision he was accused of violating, nor did it apprise him of the time and place of the alleged crime, or the penalties he faced if convicted." The purpose of an indictment is to apprise the accused of the crime charged. Md. Declaration of Rights, Art. 21; *Lynch v. State,* 2 Md. App. 546; *Dortch and Garnett v. State,* 1 Md. App. 173. Here the indictment charged Presley with committing the common law crime of rape. It was in the customary form of such an indictment (*Hochheimer's Criminal Law,* 2nd Ed., § 424) and it set forth the date, the place and described the act which the appellant was charged with committing. In our opinion the indictment set forth all the elements necessary to apprise the appellant of the crime for which he was being tried. Had there been any doubts in the appellant's mind, they could have been resolved by utilizing the procedure authorized by Md. Rule 715.

## VII

The appellant next complains that the lower court erred in refusing to compel the State to furnish him, prior to trial, with "the substance of the testimony the State intends to elicit from each of said witnesses" to be called at trial. The lower court found, and we concur, that the provisions of Md. Rule 728, *Discovery and Inspection,* contain no such requirement. The State did furnish the appellant with the names and addresses of the witnesses expected to testify on behalf of the State at the trial and he was given copies of the written statements he had previously made to the police. We are not aware of any constitutional or statutory requirement which compels the State to furnish the appellant with the substance of the testimony to be given by its witnesses. See *Ward v. State,* 2 Md. App. 687.

## VIII

The appellant's remaining questions go either to the weight of the evidence and the credibility of the witnesses which are matters peculiarly within the province of the trier of facts below (*Johnson v. State,* 4 Md. App. 648, 664; *Dunlap v. State,* 1 Md. App. 444, 447) or they are not properly before this Court

for review since the questions do not "plainly appear by the record to have been tried and decided by the lower court * * *." Md. Rule 1085.

*Judgment affirmed.*