## ANTHONY VERNON, JR. *v.* STATE OF MARYLAND

[No. 495, September Term, 1970.]

*Decided June 2, 1971.*

158

The cause was argued before MURPHY, C. J., and MOY-LAN and POWERS, JJ.

*David J. McDonnell,* with whom were *Allen, Thieblot & Alexander* on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, State's Attorney for Baltimore County,* and *John J. Lucas, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Appellant was convicted of robbery with a dangerous and deadly weapon by a jury in the Circuit Court for Baltimore County at the close of a trial held on July 6, 1970. Judge John E. Raine, Jr. who presided, sentenced him to serve a term of 18 years, and he has appealed.

That the armed robbery occurred is not an issue. Appellant produced evidence that he was elsewhere at the time, and he asserts that he was prejudiced by several errors at the trial.

Evidence showed that shortly after 10:00 P.M. on February 7, 1970, the assistant manager of an A & P store at 5510 Baltimore National Pike, while walking on the parking lot to his car, was robbed of $3,000.00 by a man with a sawed-off shotgun. At the trial, in the presence of the jury, the victim testified that two days later he viewed a nine man lineup, and identified the man who robbed him. He then identified Anthony Vernon, Jr., the appellant, in court as the man who robbed him, and as the man he identified in the lineup. No issue is raised in this appeal concerning identification procedures.

Appellant contends here that the court erred:

    1. In refusing to ask the jury panel on *voir dire,* "Have any of the prospective jurors presumed that the defendant is guilty merely

because he has been indicted by the grand jury?".

2. In not granting a "directed verdict" on the basis that the State had not properly laid venue.
3. In permitting questions concerning a possible alias of the defendant.
4. In merging counts of the indictment prior to verdict, thereby foreclosing election on the part of the jury.
5. In certain instructions given and in refusing certain requested instructions.
6. Appellant also claims that he was prejudiced by the illness of one of the jurors.

1.

Judge Raine asked all *voir dire* questions requested except No. 8, stating, "I think that's part of the charge, I will so instruct the jury". In *Grogg v. State,* 231 Md. 530, 191 A. 2d 435, the Court of Appeals said, "* * * the nature and extent of *voir dire* examination rests in the sound discretion of the trial court.", and went on to say, "It is well established that questions asked prospective jurors which are not directed to a specific ground for disqualification may be refused in the discretion of the trial court".

In *Piles v. State,* 233 Md. 487, 197 A. 2d 238, the Court of Appeals said:

"We cannot say the trial judge abused his discretion in refusing to ask the question, especially in view of his instructions to the jury * * *. Furthermore, the question is substantially encompassed within the general oath taken by all jurors in a criminal case in Maryland".

The judge instructed the jury that the mere fact that a person has been charged with a crime does not create any presumption of guilt, that a defendant is presumed innocent until proven guilty, and adequately covered the

State's burden of proving guilt beyond a reasonable doubt. The court did not abuse its discretion in refusing to ask the requested *voir dire* question.

### 2.

In his brief and argument here appellant contends that there was no proof that the crime was committed in Baltimore County, and on that basis the court should have granted a directed verdict. At the end of the State's case defendant's counsel stated, "Your Honor, we then move for a directed verdict as to all counts of this indictment." No reference was made to the question of venue. The court granted the "motion to dismiss" as to counts 6, 7, 8, 9 and 11, and overruled as to 1, 2, 3, 4, 5 and 10, indicating that at the close of the whole case the State would have to elect which of the inconsistent counts to proceed on. When both sides closed, counsel for defendant said, "At this time we renew our motion".

No question of venue was raised or decided below, and it is not before us. Maryland Rule 1085. Nor could it have been raised below, after appellant pleaded in bar to the indictment. *Kisner v. State,* 209 Md. 524, 122 A. 2d 102; *Presley v. State,* 6 Md. App. 419, 251 A. 2d 622.

We call attention to Maryland Rule 755 a. which provides that the sufficiency of the evidence is raised by a "motion for judgment of acquittal". There is no motion for directed verdict in our criminal practice.

### 3.

In cross-examination of a witness for appellant who testified that he was engaged to her daughter, and was attending a party at her home when the robbery occurred, she was asked if she had discovered that he may have another name. When objection was made, the judge told the witness to answer yes or no, and she answered in the negative.

There was no prejudicial error in the question and answer.

### 4.

In covering point 2 above, we recited the disposition

of some of the counts of the indictment. When the motion was "renewed" at the close of the entire case, appellant thereby questioned the legal sufficiency of each remaining count. In the colloquy between the court and counsel the judge commented that he felt that everything else merged into the first count, robbery with a dangerous and deadly weapon. The record then shows:

> "THE COURT: I think it makes it easier for the jury to put this up to them, was it this guy or wasn't it, he's guilty of armed robbery or he's not guilty of anything.
> MR. McDONNELL: Everything is merging into the first, then, right, Judge?
> THE COURT: Yes."

We look to substance and the effect of the ruling, rather than its form. In effect the court granted the motion as to all remaining counts but the first. Appellant may not complain.

## 5.

The transcript shows that certain requested instructions were submitted, and apparently discussed informally. The court instructed the jury, and then said:

> "All right, do you have any exceptions? I'll let you dictate those out of the presence of the jury after they have retired, Mr. McDonnell, if you have any technical ones to make."

Counsel for appellant then replied, "Nothing gross, your Honor, I'll take exceptions later".

Both sides argued, and the jury retired to consider its verdict. At that point counsel for appellant dictated several pages of exceptions into the record.

Maryland Rule 756 f provides, in part:

> "If a party has an objection to any portion of any instruction given, or to any omission therefrom, or to the failure to give any instruction, he shall BEFORE THE JURY RETIRES

(emphasis added) to consider its verdict make such objection stating distinctly the portion, or omission, or failure to instruct to which he objects and the ground of his objection."

In *Bennett v. State,* 230 Md. 562, 188 A. 2d 142, at page 568 the Court of Appeals said:

"The purpose of Maryland Rule 756 f — which requires that objections to instructions shall be made before the jury retires to consider its verdict — is to give the trial court an opportunity to amplify or amend its charge if it deems amplification or amendment necessary."

This Court in *White v. State,* 8 Md. App. 51, 258 A. 2d 50, reiterated what we had said in *Parker v. State,* 4 Md. App. 62, 241 A. 2d 185, as follows:

"The reason for the rule requiring objection as a prerequisite to appellate review is a salutary one, being designed to afford the trial judge an opportunity to correct inadvertent omissions or inaccuracies in his instructions, where the alleged error is one that might have been readily corrected if it had been called to the trial judge's attention."

It is clear that the purpose and design of the rule is to correct errors while the opportunity to correct them still exists. Only thus is an error preserved for appellate review.

It is *not* the purpose and design of the rule to provide an avenue for a party to lay away ammunition in the arsenal of appeal.

Under Maryland Rules 1085 and 756 g we ordinarily will not consider any error not properly preserved, but we may take cognizance of and correct any plain error in the instructions, material to the rights of the accused. We have examined the entire record before us in this case. When the court's instructions are read in the en-

tirety it will be seen that they fairly and accurately state the law as applied to the facts in this case. *Presley v. State,* 257 Md. 591, 263 A. 2d 822; *Graef v. State,* 1 Md. App. 161, 228 A. 2d 480; *Nance v. State,* 7 Md. App. 433, 256 A. 2d 377.

### 6.

Appellant asks if he was prejudiced by the illness of one of the jurors. It appears that the court stenographer departed when the jury retired. The record contains a notation, presumably made by a clerk:

> "7/6/70—One juror temporarily ill. After 5 minutes jury resumed deliberation. Deliberated over an hour."

Any part of the proceedings which a party wishes this Court to review, and which is omitted from the record, may be supplied as provided in Maryland Rule 1027. This record has not been so supplemented. If any question arising out of a juror's illness was presented to the trial judge, we must assume that he dealt with it properly.

———————

Counsel for appellant has incorporated in his brief several contentions raised by appellant in proper person. None was raised below, and they are not before us, Maryland Rule 1085, but we have reviewed them, and find no merit in them.

*Judgment affirmed.*