PILES *v.* STATE

[No. 184, September Term, 1963.]

488

Decided February 6, 1964.

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Thomas R. Brooks* for the appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Richard E. Painter, Deputy State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Appellant was convicted of robbery with a deadly weapon by a jury in the Circuit Court for Prince George's County.

He complains (1) of the trial court's refusal to propound a question to the jury on *voir dire;* (2) a portion of the judge's advisory instructions; (3) that he was illegally arrested; (4) there was a "denial of due process of law"; (5) and he was not given the "benefit of doubt."

I

The proposed *voir dire* question, in substance, would have asked the prospective jurors if the fact that the defendant had a "serious criminal record" would prevent them from giving him a fair and impartial trial based solely on the evidence. We have held many times that since there are no statutes nor precise rules regulating the procedure (cf. Maryland Rule 745), "the nature and extent of *voir dire* examination rests in the sound discretion of the trial court." *Grogg v. State,* 231 Md. 530, 191 A. 2d 435; *Connor v. State,* 225 Md. 543, 171 A. 2d 699, aff'd 368 U. S. 906; *McGee v. State,* 219 Md. 53, 146

A. 2d 194. We cannot say the trial judge abused his discretion in refusing to ask the question, especially in view of his instructions to the jury, a portion of which will be quoted under II. Furthermore, the question is substantially encompassed within the general oath taken by all jurors in a criminal case in Maryland.

## II

Here, appellant challenges the following passage in the court's instructions: "Now past convictions of the accused are to be considered in this case only insofar as they affect his credibility [there are exceptions to this rule, not applicable to the case at bar]. You are not to convict him upon things that he has done in the past for which he has been tried and paid the penalty, but you are to consider them insofar as they affect his credibility. That is, that a man who has been convicted of a serious crime is more likely to tell an untruth than a man who has never been convicted of a serious crime. So, * * * in weighing the testimony of the defendant you are to consider his past convictions insofar as they would affect his credibility in this case." Appellant had taken the stand and testified for himself; he had a previous criminal record.

The instructions of the court, we think, correctly stated the law. *Braun v. State,* 230 Md. 82, 185 A. 2d 905. Cf. *Stevens v. State,* 230 Md. 47, 185 A. 2d 194, *cert. den.,* 373 U. S. 940. Moreover, no objection was made at the trial to the court's instructions. Maryland Rule 756 f. We find no error here.

## III, IV and V.

These arguments are presented by the appellant—not by his counsel — but they have been carefully considered. First, he claims that he was improperly convicted and denied due process of law, solely because he was illegally arrested. The Supreme Court has not, as yet, held that a State criminal prosecution is void, if the only ground of alleged impropriety in such prosecution is that the accused was illegally arrested. Moreover, at the time of appellant's arrest, the police were investigating a felony; the prosecuting witness had told them of the robbery; given them a description of the felon (which described Piles) ; and told them his name, as it had been given to her by the ac-

cused, when he first came into the finance company for which she worked, stating he "wanted to make a payment." Upon these facts, we hold that the police had probable cause to arrest the appellant. In addition, this question was not raised in the trial court. Maryland Rule 885. His only remaining contention is that he was not given the "benefit of doubt," because "the court never looked into possibility of the victim lying * * * in order to obtain easy cash." This, of course, is an attack on the weight of the evidence, which, under our procedure, must be determined by the triers of the facts, provided the evidence was sufficient to take the case to the jury. An examination of the record discloses ample proof to require the case's submission to the jury. Here, too, we find no error.

*Judgment affirmed.*