## PEOPLE v. DAVIS.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—TIME.

Preliminary examination of a person charged with an offense not cognizable by a justice of the peace shall be set by the magistrate before whom the person is brought for a time not to exceed 10 days thereafter (CL 1948, § 766.4).

2. SAME—PRELIMINARY EXAMINATION—ADJOURNMENT.

Adjournment of preliminary examination, originally set for 10th day after the accused was brought before a magistrate, to 1 day later, to permit defendant to consult with his court-appointed attorney *held*, not error where defendant had appeared at the examination at the appointed time without an attorney (CL 1948, § 766.4).

--------

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 442, 445, 449.
[2]  21 Am Jur 2d, Criminal Law § 449.
[3]  21 Am Jur 2d, Criminal Law § 313.
[4]  21 Am Jur 2d, Criminal Law §§ 513, 517.

3. SAME—APPOINTMENT OF COUNSEL.

  Failure of magistrate before whom defendant was brought on
    warrant charging him with kidnapping and rape to appoint
    counsel for him at that time to represent him at the prelimi-
    nary examination set for 10 days later *held*, not error where
    the defendant was represented by counsel when he was brought
    before the magistrate, and neither defendant nor his attorney,
    who was appearing for the purpose of that proceeding only,
    requested the magistrate to appoint counsel to represent him
    in subsequent proceedings; defendant is estopped to assert
    the defect by entering a plea of not guilty and going to
    trial (CL 1948, §§ 750.349, 750.520).

4. SAME—MOTION TO DISMISS.

  Failure of trial court to rule on defendant's hand-printed mo-
    tion to dismiss charges of kidnapping and rape against him,
    submitted *in propria persona* by defendant after counsel had
    been appointed to represent him, *held*, not error where the
    grounds urged for the motion were not found to be grounds
    for reversible error when raised again on appeal from con-
    viction (CL 1948, §§ 750.349, 750.520).

Appeal from Recorder's Court of Detroit, Groat
(Gerald W.), J. Submitted Division 1 January 18,
1968, at Detroit. (Docket No. 3,830.) Decided May
28, 1968. Leave to appeal denied April 15, 1969.

Donald L. Davis was convicted of kidnapping and
rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-
pellate Lawyer and *Angelo A. Pentolino*, Assistant
Prosecuting Attorney, for the people.

*Harris, Stein & Hooberman*, for defendant.

T. G. KAVANAGH, P. J. On September 30, 1965
defendant was arrested upon charges of kidnapping[1]

---

[1] CL 1948, § 750.349 (Stat Ann 1954 Rev § 28.581).

and rape.[2]   He was arraigned on the warrant in
recorder's court, city of Detroit, on October 1, 1965,
at that time being represented by retained counsel.
The judge set October 11, 1965 as the date for the
preliminary examination.   When defendant ap-
peared at the examination without counsel, the court
appointed counsel for him and adjourned the matter
until October 12, on which date the examination was
held and defendant bound over for trial.   Subse-
quently, a jury convicted defendant on both charges
and he was sentenced to a prison term of 10 to 20
years on each charge, to be served concurrently.
He appeals on 3 grounds:

1. The court failed to conduct the preliminary ex-
amination within 10 days of the arraignment on the
warrant, in accordance with CL 1948, § 766.4 (Stat
Ann 1954 Rev § 28.922).

2. The court erred in failing to appoint counsel
for defendant until the date set for the examination.

3. The court erred in failing to rule upon a motion
filed by defendant *in propria persona.*

The statute upon which defendant relies to support
his first ground for reversal provides:

"The magistrate before whom any person is
brought on a charge of having committed an offense
not cognizable by a justice of the peace, shall set
a day for examination not exceeding 10 days there-
after, at which time he shall examine the complain-
ant and the witnesses in support of the prosecution,
on oath in the presence of the prisoner, in regard to
the offense charged and in regard to any other
matters connected with such charge which such mag-
istrate may deem pertinent." CL 1948, § 766.4 (Stat
Ann 1954 Rev § 28.922).

---

[2] CL 1948, § 750.520 (Stat Ann 1954 Rev § 28.788).

In the case at bar, during the October 1 proceedings the judge set the preliminary examination for October 11, which was within the required 10-day period. However, defendant appeared at the examination without an attorney. The judge promptly appointed one for him and adjourned the matter for one more day to permit defendant to consult with his attorney. Since the purpose of the adjournment was to insure to defendant the full enjoyment of his constitutional right to counsel, we hold that there was no error.

Defendant urges, however, that the court should have appointed counsel for him at the time of the arraignment on the warrant because the counsel representing him then was appearing only for the purpose of that proceeding. There is nothing in the record to indicate, and defendant does not claim, that either he or his attorney requested the arraigning judge to appoint counsel to represent defendant in subsequent proceedings. Certainly the judge was justified in assuming that since defendant had retained counsel for the arraignment he would do so for any further proceedings as well. Moreover, by entering a plea of not guilty and going to trial, defendant is estopped to assert any defect in the prior proceedings. See *People* v. *Tate* (1946), 315 Mich 76 and *People* v. *Barmore* (1962), 368 Mich 26.

After counsel had been appointed to represent him defendant submitted, *in propria persona,* a hand-printed motion for dismissal of the charges against him. He claims that it was error for the court to fail to rule upon his motion. The substance of this motion is to the effect that the charges should be dismissed because the examination was not held within 10 days of the arraignment on the warrant. In the light of our disposition of defendant's first

asserted question on appeal we find **no reversible** error.

Affirmed.

LEVIN and BEER, JJ., concurred.