**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Wesley COCHRUN, Defendant and Appellant.**

**No. 13727.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1982.

Decided Jan. 5, 1983.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas E. Adams of Voelker & Adams, P.C., Deadwood, for defendant and appellant.

HENDERSON, Justice.

### ACTION
Appellant Wesley Cochrun was arrested for distribution of marijuana and hashish. Trial was by jury resulting in a guilty verdict on both counts. Appellant was sentenced to concurrent prison terms of eighteen months and eight years. We affirm.

### FACTS
Appellant sold marijuana and hashish to a drug agent of the Black Hills Drug Task Force, a law enforcement subdivision. At appellant's arraignment, the trial court inadvertently stated the maximum sentence was five years for distributing hashish. In reality ten years was the correct maximum. However, appellant then pleaded not guilty to both charges.

At trial, counsel for appellant styled a motion in limine so that if he presented an entrapment defense, evidence of appellant's prior crimes would be excluded. Appellant's motion was denied whereupon the State was then admonished to not use evidence of prior crimes in its case in chief.

Appellant, of his own choosing, did not call his experts to testify on an entrapment defense. Evidence of prior crimes was not presented at trial.

## ISSUES

### I.

WHEN A DEFENDANT PLEADS NOT GUILTY AT ARRAIGNMENT, IS A MISSTATEMENT BY THE COURT OF THE MAXIMUM POSSIBLE SENTENCE REVERSIBLE ERROR? UNDER THE CIRCUMSTANCES OF THIS CASE, WE HOLD THAT IT IS NOT FOR HE WAS SENTENCED WITHIN THE CORRECT MAXIMUM SENTENCE.

### II.

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING THE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CRIMES? WE HOLD THAT THIS WAS A DISCRETIONARY RULING AND THERE WAS NO ABUSE OF DISCRETION.

### III.

WAS THE TRIAL COURT'S CUMULATIVE RULINGS IN OVERRULING APPELLANT'S OBJECTIONS SUCH CONDUCT THAT IT EITHER CONSTITUTED MISCONDUCT OR DEPRIVED APPELLANT OF A FAIR TRIAL? WE HOLD THAT THEY WERE NOT.

## DECISION

### I.

Appellant submits that reversible error was committed when the trial court misstated the maximum possible sentence at arraignment. A rather informal discussion took place between the trial court and prosecutor as to whether or not appellant was charged with a Class IV or V felony and maximum possible sentences thereunder. In any event, appellant pleaded not guilty. Appellant cites considerable authority for his position that the trial court's misstate-ment constitutes such a blatant error that this Court should reverse his conviction. Appellant's authorities address the knowingly intelligent waiver of a defendant's rights when he pleads guilty. Therefore, a fundamental defect permeates his analysis.

Here, appellant pleaded not guilty thereby insuring his due process rights of trial by jury and confrontation of adverse witnesses. *Nichols v. Helgemoe,* 117 N.H. 57, 369 A.2d 614 (1977). Although South Dakota has not addressed this issue, the consensus of those jurisdictions which have is that a plea of not guilty waives all issues concerning the sufficiency of the arraignment and preliminary hearing except such matters as subject matter jurisdiction. *See White v. State,* 607 P.2d 713 (Okl.1980); *Wofford v. State,* 584 P.2d 227 (Okl.1978); *White v. State,* 222 Kan. 709, 568 P.2d 112 (1977); *People v. Davis,* 11 Mich.App. 461, 161 N.W.2d 443 (1968); *State v. Moss,* 182 Neb. 502, 155 N.W.2d 435 (1968). Therefore, appellant cannot be heard to complain about an error that did not impede his right to due process or a fair trial. The trial court's error was harmless for ten years was the maximum sentence and he was sentenced to eight years which was within the maximum sentence. Appellant therefore received a lawful sentence. Further, it would not appear that appellant would have pleaded guilty to a greater sentence. We find no prejudice.

### II.

Appellant's next assertion is that the trial court's refusal to prohibit evidence of prior crimes prevented him from presenting his entrapment defense. As primary authority, appellant cites *State v. Nelsen,* 89 S.D. 1, 9, 228 N.W.2d 143, 147 (1975) as holding: "[E]vidence of prior convictions should not be introduced on the issue of predisposition [on an entrapment defense]." However, *Nelsen* also holds:

It is important to note that evidence of prior convictions or criminal reputation *should be admitted* if it is admissible on independent grounds. The entrapment

defense may not be used as a shield to prevent the admission of evidence admissible upon grounds unrelated to the defense.

*Id.,* 89 S.D. at 9, 228 N.W.2d at 148 (emphasis in original).

On its behalf, the State contends that appellant has not preserved this alleged error for review. The State was admonished by the trial court not to present evidence of prior crimes in its case in chief. Evidence of appellant's prior crimes was not introduced at trial. Appellant did not call his expert witnesses. The purported testimony from the expert witnesses was to reflect that appellant was mentally susceptible to entrapment. Obviously, the purpose of the motion was to preclude any prejudicial questions. As no questions were ever asked of the experts, we fail to see how appellant was prejudiced.

The State cites authority from Texas holding that a motion in limine is not a ruling on evidence, and therefore it is not error for a trial court to overrule such motions seeking to exclude evidence. *Biard Oil Co. v. St. Louis Southwestern Railway Co.,* 522 S.W.2d 588, 590 (Tex.1975); *see also, Redding v. Ferguson,* 501 S.W.2d 717 (Tex.1973); *Bridges v. City of Richardson,* 162 Tex. 292, 354 S.W.2d 366 (1962). However, the Iowa Supreme Court has stated: "Such a motion is a useful tool in preventing immaterial matter from encumbering the record. It gives the court an opportunity to rule in advance on the admissibility of evidence." *Wagner v. Larson,* 257 Iowa 1202, 136 N.W.2d 312, 326 (1965). We are inclined to follow the Iowa ruling.

This Court has recently ruled on the admissibility of prior felony convictions. *State v. Quinn,* 286 N.W.2d 320 (S.D.1979). In *Quinn,* the Court clearly directed that under SDCL 19–14–12 trial courts must make a definite finding that prior convictions are more probative than prejudicial before allowing such into evidence. *Id.,* 286 N.W.2d at 323. Although lightly touched upon by the trial court, it appears that the weighing of probative value as against the prejudicial effect of the evidence in issue,

was squarely before the court. The "weighing" issue was strenuously urged by trial counsel for appellant and it appears from the record that the trial court considered the matter and forthrightly ruled against appellant on the record.

Since SDCL 19–14–12 rulings are discretionary with the trial court, the applicable standard of review is an "abuse of discretion." *State v. Sahlie,* 90 S.D. 682, 245 N.W.2d 476 (1976). We hold that there was no abuse of discretion. We caution trial courts in the future that the subjective thoughts of the trial court will not, in itself, suffice as to a "weighing." Some degree of rationale on the "weighing" must be shown in the record. However, there does exist a certain degree of "weighing" in this record.

### III.

Appellant's final contention is that the trial court committed misconduct and thus precluded appellant from having a fair trial in overruling twenty-six of his counsel's twenty-eight objections while sustaining six of the seven objections offered by the State. Each legal objection must rise or fall on its merit. It is the merit of an objection and a ruling thereon which we must consider and not the numerical holdings. To unilaterally consider the numerical favorable or unfavorable rulings on objections, does not address the merits of the objections.

Misconduct of a trial court must be shown by the record. *Breunig v. American Family Insurance Company,* 45 Wis.2d 536, 173 N.W.2d 619 (1970). The record herein is devoid of any misconduct. Appellee aptly notes that there is no rule that requires a trial court to overrule a fixed percentage of objections to be fair. We are unable to find any motion in the record at lower court level to the effect that there was alleged misconduct of the trial court.

Affirmed.

All the Justices concur.