STATE of South Dakota, Plaintiff
and Appellee,

v.

John Henry KING, Defendant
and Appellant.

No. 14135.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1984.

Decided April 11, 1984.

Roxanne Giedd, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Allen J. Eide of Gribbin, Burns & Eide, Watertown, for defendant and appellant.

HENDERSON, Justice.

Appellant, John Henry King, opened a checking account with First Federal Savings and Loan of Watertown, South Dakota, on April 13, 1982. Having made an initial deposit of $30.00, he withdrew $25.00 on April 14, 1982, leaving a balance of $5.00. On April 22, 1982, a check was written on this account to a Watertown grocery, for cash, in the amount of $150.00. The next day, another check in the amount of $77.17 was written to a Watertown business for auto supplies.

King was charged with passing insufficient funds checks, a felony in the first degree, and was found guilty, pursuant to a jury trial. He appeals the judgment of conviction issued by the Circuit Court, Third Judicial Circuit on February 25, 1983. We affirm.

Appellant had two previous convictions which the State indicated they would use for impeachment purposes, should he testify. One was a Day County conviction for forgery on March 21, 1979. The other, a conviction from the State of Minnesota rendered April 28, 1977, on a charge of aggravated forgery. Appellant motioned for a court order restricting mention or comment regarding these two prior convictions. The motion was denied.

Appellant raises this denial as error. He urges that the trial court misapplied the rule for admission of this type of evidence by failing to adopt the five-part federal test set out in *United States v. Mahone*, 537 F.2d 922 (7th Cir.1976).* He further contends that an adequate showing of admissibility was not made in accordance with SDCL 19–14–12 and that the trial court did not balance the probative value of the evidence against its prejudicial effect. We do not agree.

SDCL 19–14–12 provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment.

"Since SDCL 19–14–12 rulings are discretionary with the trial court, the standard of review is that an 'abuse of discretion' is required for reversible error." *State v. Dickson*, 329 N.W.2d 630, 633 (S.D.1983); *State v. Cochrun*, 328 N.W.2d 271 (S.D. 1983); *State v. Sahlie*, 90 S.D. 682, 245 N.W.2d 476 (1976).

In ruling on appellant's motion, the trial court stated as follows:

The Court feels that, as I've been informed, that the Defendant is going to take the witness stand and deny the crime on the basis that he did not have the intent in this particular crime, which is an element of the crime of passing a check against insufficient funds in the first degree. The Court is of the opinion that, considering those five factors, that they weigh toward the evidence of his prior convictions having more probative value than being prejudicial, and that the prior crimes of forgery and aggravated forgery do constitute crimes that involve dishonesty or false statements, and having then reached the conclusion that the evidence of his prior convictions, the probative value of that evidence outweighs its prejudicial effect and that they are crimes which involve dishonesty or false statement, and considering the factors involved as pointed out in [Defendant's] brief, the Court is of the opinion that evidence of those two offenses are admissible.

This Court has cautioned trial courts "to make a definite finding that the evidence is more probative than prejudicial before allowing prior convictions into evidence." *State v. Quinn*, 286 N.W.2d 320, 323 (S.D. 1979); *Cochrun*, 328 N.W.2d 271. "[T]he record must indicate that the trial court balanced the probative value against the prejudicial effect ... and that the trial court made a finding on the record that the probative value outweighs the prejudice." *State v. Ford*, 328 N.W.2d 263, 266 (S.D. 1982). The present record indicates that a balancing test was utilized and sets forth the rationale of that test. In *Ford*, the trial court's balancing analysis was substantially similar to that in the present case. This Court stated:

> Since the record shows the trial court applied the balancing test and made a finding that the probative value outweighed the prejudice, and the caution-

---

* *Mahone* set forth five factors to be considered in the balancing process under Fed.R.Evid. 609(a): The impeachment value of the prior crimes; points in time of each conviction and defendant's subsequent history; similarity between the past convictions and the charged offense; the importance of defendant's testimony; and the centrality of the credibility issue. 537 F.2d at 929.

ary instruction was given, we affirm the trial court's admission of the evidence of Ford's prior felony convictions. *Ford,* 328 N.W.2d at 266. Note that in *Ford,* though the giving of a "cautionary instruction" was not considered determinative of whether the evidence was admissible, it was a factor weighing in favor of the trial court's admission.

■ It would appear that the caution of *Quinn* with regard to establishing a good record cannot be overstated. However, as long as there is some consideration of the matter and an indication, on the record, that some weighing of factors occurred, no abuse of discretion will be found. The trial court in this case took note that appellant's prior convictions fell within the scope of SDCL 19–14–12, that appellant's only defense was his testimony of subjective intent, and, though not necessarily mandated, considered the five factors propounded by appellant. Based upon these considerations, it was the court's determination that the evidence of appellant's prior convictions may be admitted for purposes of impeachment. "Obviously, the trial court knew what its duty was, and engaged in a balancing process based on that duty." *Dickson,* 329 N.W.2d at 633. Some indication of that process on the record is the requirement. "Even though the trial court's verbal [recitation] of its thought process was perhaps less than an ideal analysis, we do not find that its efforts at compliance equaled an abuse of discretion." *Id.*

Upon denial of his motion, appellant requested a ruling concerning three questions to be put to prospective jurors during voir dire, namely:

(1) "How many of you believe that because a man has a criminal record, he is a liar?"

(2) "Do any of y.ou believe that a man who committed one crime is more likely to commit another?"

(3) "If you were to find out that John King has a prior record for check offenses, would it take less to convince you that he is guilty of the crime that he is on trial for today, than it would otherwise?"

The trial court felt the questions were improper for the reason that the jury would be adequately instructed with regard to the law, its duty to judge credibility and what weight to give all of the evidence. Appellant contends that by prohibiting these questions, the trial court unduly restricted voir dire of prospective jurors concerning the effect upon them of knowledge of prior convictions. We disagree.

■ It is not disputed that an accused is entitled to an impartial jury, *State v. Belt,* 79 S.D. 324, 111 N.W.2d 588 (1961), *State v. Volk,* 331 N.W.2d 67 (S.D.1983), however, the manner of selecting such jury is "within the sound judicial discretion of the trial court and will not be reversed except for a clear abuse thereof." *State v. Nagele,* 80 S.D. 625, 630, 129 N.W.2d 537, 540 (1964); *Volk,* 331 N.W.2d 67. Refusals to allow questions pertaining to the effect that evidence of prior convictions might have on a juror's ultimate decision, have been generally held not to be an abuse of discretion. *State v. Nelson,* 459 S.W.2d 327 (Mo.1970); *Piles v. State,* 233 Md. 487, 197 A.2d 238 (1964); *People v. Lexow,* 23 Ill.2d 541, 179 N.E.2d 683 (1962); *State v. Bromley,* 72 Wash.2d 150, 432 P.2d 568 (1967). Particularly, a court will find no abuse of discretion when a limiting instruction is given to the jury regarding the weight to be accorded prior convictions. *Piles,* 197 A.2d 238. *See also, People v. Louzon,* 338 Mich. 146, 61 N.W.2d 52 (1953) (judge's charge was at least one factor considered on review), and *State v. Roqueni,* 94 Ariz. 72, 381 P.2d 757 (1963) (any error committed is rectified and clarified by the court's instruction).

■ There was no abuse of discretion in the trial court's determination that the proposed questions concerned a matter of law which could be dealt with adequately in the jury instructions, thereby ensuring a fair decision by jurors. An instruction was given limiting consideration of the previous convictions to credibility and warning

against drawing any other conclusions from such evidence.

Affirmed.

All the Justices concur.