STATE of South Dakota, Plaintiff
and Appellee,

v.

Clifford T. WILLIAMSON, Defendant
and Appellant.

No. 13764.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1983.

Decided May 23, 1984.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Max A. Gors of Gors & Braun, Pierre, for defendant and appellant.

PER CURIAM.

This is an appeal from a conviction for driving while intoxicated. At appellant's trial the statements he made at the time he was arrested and asked to take a blood test were admitted as rebuttal evidence to his own testimony. We affirm.

About ten o'clock one morning in Pierre, South Dakota, police officer, Brad Schreiber, was called to investigate a minor accident across the street from a local bar. After appellant performed some field sobriety tests unsatisfactorily, he was arrested and placed in the officer's car. Appellant was advised of the implied consent law and was asked to submit to a blood test. SDCL 32-23-10. According to the police officer's report, when appellant was asked to submit to a test he responded that he had been drinking all night, only had four or five hours of sleep, and he would probably flunk the test if he did take it.

■ Prior to trial appellant had made a motion in limine to prevent the state from introducing his refusal or response to the officer's request that he take a blood test. *See State v. Neville*, 312 N.W.2d 723 (S.D. 1981); reversed in part and remanded, *State v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); on remand, *State v. Neville*, 346 N.W.2d 425 (S.D. 1984). Though no written order appears in the record, the trial court's decision to grant the motion appears in the transcript.*

Appellant testified in his own behalf after the state had rested its case in chief. He testified that at the time he was arrested he was asked by the arresting officer how much sleep he had the night before. His response was that he had gone to bed at eleven-thirty and woke up at eight. He denied telling the officer that he only had four or five hours of sleep the evening before.

After appellant rested his case, the state asked to recall the police officer for rebuttal to appellant's testimony about the amount of sleep appellant had told the officer he had the night before. The trial court limited the rebuttal testimony to appellant's responses regarding his activities the night before and the amount of sleep he said he had.

In rebuttal to appellant's testimony the state called Officer Schreiber. He testified that when appellant was advised of the implied consent law and asked to take the blood test, appellant's response was that he had been drinking all night and only had four or five hours of sleep. The trial court instructed the jury that a witness' prior inconsistent statements could be used to attack the witness' credibility but the statements could not be used to establish the truth of anything in the statements. South

Dakota Pattern Jury Instructions (Criminal) 1–17–8.

Appellant contends that his statements made in connection with his refusal to take the blood test were inadmissible because they were involuntary and he had not been advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ While *Miranda* prevents the state from introducing into evidence in its case in chief any custodial statements made by a defendant before he has been advised of his constitutional rights, these statements may be used to impeach a defendant who later gives conflicting testimony in his own behalf. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Thus, appellant's prior inconsistent statements, which he made without having been advised of his *Miranda* rights, were admissible to impeach his trial testimony.

■ The next issue we must resolve is whether appellant's statements were coerced and for that reason should not have been admitted even as rebuttal evidence against him. *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). For this purpose we distinguish between the statements that may be interpreted as appellant's refusal, which were his statements that he was too drunk and would probably flunk the test, and his other statements, which were not really responsive to the request to take the test. Because the state's rebuttal evidence carefully observed the trial court's limitation that appellant's statements about how much sleep he said he had could not be introduced in the context of any refusal, we are not presented with the same issue that has been presented in the *Neville* cases. None of the facts surrounding appellant's arrest lead us to the conclusion that appel-

---

* While written findings or conclusions are not required on preliminary matters presented to the trial court on a motion in limine, the record must somehow include a definite finding on the issue presented. *See* SDCL 19–9–7; *State v. Cochrun*, 328 N.W.2d 271 (S.D.1983), (probative value weighed against prejudicial effect of prior

conviction); *State v. Quinn*, 286 N.W.2d 320 (S.D.1979), (probative value weighed against prejudicial effect of prior conviction). The trial court's statement in the trial transcript that appellant "volunteered" his statements satisfies this requirement.

lant's statement about his evening activities and how much sleep he had was coerced. Because these statements were also unresponsive to the request to submit to a test, we agree with the trial court's finding that they were voluntary. Accordingly, the statements could be admitted as rebuttal evidence without violating appellant's due process rights.

The judgment of conviction is affirmed.

