STATE of South Dakota, Plaintiff
and Appellee,

v.

Dan Lee CAYLOR, Defendant
and Appellant.

No. 16053.

Supreme Court of South Dakota.

Considered on Briefs Oct. 14, 1988.

Decided Jan. 4, 1989.

Rehearing Denied February 9, 1989.

Wade A. Hubbard, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

James D. Taylor, Mitchell, for defendant and appellant.

MILLER, Justice.

Appellant Dan Lee Caylor (Caylor) was convicted of aiding and abetting in the distribution of marijuana, contrary to SDCL 22–42–7.[1] He appeals, alleging that (1) he was entitled to entry of a judgment of acquittal due to insufficiency of the evidence and (2) that the court committed reversible error in prohibiting Caylor from using a fifteen-year-old felony conviction to impeach the credibility of one of State's witnesses. We affirm.

### FACTS

Caylor and Timothy Bollack (Bollack) were jointly charged in a two-count indictment with Count 1 alleging that Bollack distributed marijuana and Count 2 alleging that Caylor aided and abetted in such distribution. They were convicted in a joint trial and Caylor appeals.

The charges stem from a sale of marijuana by Bollack to Donald Platt (Platt), a paid drug informant[2] for the State of South

---

1. SDCL 22–42–7 provides, in pertinent part, that "[t]he distribution of more than one ounce but less than one-half pound of marijuana is a Class 6 felony." Under SDCL 22–3–3, "[a]ny person who, with the intent to promote or facilitate the commission of crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime."

2. Platt formerly dealt extensively in illegal drugs. He testified to having sold large quantities of marijuana and cocaine, principally in the Portland, Oregon, and Custer, South Dakota, areas. (He has a misdemeanor conviction for possession of marijuana in Oregon.) After marrying his current wife and desiring to change his life, he agreed to become a paid informant for South Dakota law enforcement and has act-

Dakota. The factual scenario of the drug sale is quite simple. In a telephone conversation, Bollack and Platt entered into an agreement under which Platt agreed to purchase a quantity of marijuana from Bollack. In that conversation, they agreed upon the terms of the sale and a place to meet to exchange the drugs for the money. Platt contacted local law enforcement officials about the pending drug deal and met with a Mitchell, South Dakota, police detective prior to the transaction. The detective furnished Platt with money to purchase the marijuana. The transaction was to take place around midnight at a Mitchell park. The detective followed Platt and his wife to the park and witnessed the drug purchase.

Several minutes after Platt and his wife arrived at the park, Caylor and Bollack arrived in a car driven by Caylor. Caylor parked near the Platt vehicle. Platt exited his car and approached the driver's side of the other vehicle, where Caylor was seated. Caylor told Platt to "get to the other side" of the car and to "hurry and get it done." Platt went to the passenger side of the car where Bollack was seated and completed the drug purchase. Caylor and Bollack left immediately thereafter. Platt then turned the marijuana over to the police.

## ISSUES

### I

WHETHER CAYLOR WAS ENTITLED TO A JUDGMENT OF ACQUITTAL BASED UPON INSUFFICIENCY OF THE EVIDENCE.

Caylor contends that there was insufficient evidence for the jury to convict him and that the trial court should have entered a judgment of acquittal pursuant to SDCL 23A–23–1.[3]

■ At trial, the court, when ruling on a motion for judgment of acquittal, must consider the evidence in the light most favorable to the nonmovant. *State v. Ashker,* 412 N.W.2d 97 (S.D.1987). The motion is properly denied if the state has introduced evidence from which, if believed, the jury may reasonably find the defendant guilty of the crime charged. *State v. Olson,* 408 N.W.2d 748 (S.D.1987); *State v. Stapleton,* 387 N.W.2d 28 (S.D.1986); *State v. Bult,* 351 N.W.2d 731 (S.D.1984). Further, the jury is charged to be the exclusive judge of the credibility of witnesses and the weight of the evidence. *State v. Huber,* 356 N.W. 2d 468 (S.D.1984).

In reviewing such a case on appeal, we must decide whether the record contains sufficient evidence which, if believed by the jury, would be enough to sustain a finding of guilt beyond a reasonable doubt. We must accept such evidence and the most favorable inferences which can be drawn therefrom in support of the verdict. *See Ashker, supra; Olson, supra; State v. Cook,* 319 N.W.2d 809 (S.D.1982); *State v. White,* 269 N.W.2d 781 (S.D.1978).

■ Caylor correctly notes that something more than his mere presence at the Mitchell park that night is necessary to convict him of being an aider and abetter. *Ashker, supra.* His presence, however, is one circumstance which tends to support a finding that he was a participant. *Id.* Such a circumstance, along with any other circumstantial evidence, can establish his guilt. *Id.*

Here, Caylor admits that he drove Bollack to a deserted city park at midnight. The evidence also clearly shows that a drug sale transpired in that same car upon their arrival at the park. By providing transportation to Bollack, Caylor facilitated the offense and became an aider and abetter in the drug sale. SDCL 22–3–3. The evidence is clearly sufficient to sustain the jury's finding of guilt. *Ashker, supra; Olson, supra; Cook, supra; White, supra.*

---

ed in such capacity at various locations in this state.

3. SDCL 23A–23–1 provides, in pertinent part: "... A court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in an indictment or information after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of the offense or offenses[.]"

## II

WHETHER THE COURT ERRED IN PROHIBITING CAYLOR FROM USING A FIFTEEN–YEAR–OLD FELONY CONVICTION TO IMPEACH THE CREDIBILITY OF ONE OF STATE'S WITNESSES.

■ Immediately prior to trial, the state's attorney asked the court to prohibit defense counsel from utilizing Platt's 1972 conviction for forgery to attack his credibility. After hearing argument of counsel, the court, without expressing its reasons, granted the motion.

To properly address this issue, we must analyze SDCL 19–14–12 and –13. SDCL 19–14–12 reads:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime
> . . . .
> (2) involved dishonesty or false statement, regardless of the punishment.

SDCL 19–14–13 provides:

> Evidence of a conviction under § 19–14–12 is *not admissible* if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect[.] (Emphasis added.)

We have often written on cases where the trial court has allowed such evidence. *See, e.g., State v. King,* 346 N.W.2d 750 (S.D.1984); *State v. Dickson,* 329 N.W.2d 630 (S.D.1983); *State v. Cochrun,* 328 N.W.2d 271 (S.D.1983); *State v. Swallow,* 405 N.W.2d 29 (S.D.1987). The circumstances in *Swallow* are similar to those presented here. In *Swallow,* the defendant wished to attack the credibility of a State's witness who had previously been convicted of two counts of second-degree murder. The trial court limited the defendant's use of these convictions by prohibiting the introduction of the specific nature of the offenses. We held in *Swallow* that the trial court did not abuse its discretion in limiting the defendant's cross-examination of State's witness. *Id.* at 36. Finding no case authority which is directly on point, and analyzing this issue in light of *Swallow* and the other authorities mentioned above, we do not believe that the trial court abused its discretion by excluding evidence of a prior conviction.

Justice Henderson, in *King, supra,* quite properly reminds us that: "This Court has cautioned trial courts 'to make a definite finding that the evidence is more probative than prejudicial *before allowing* prior convictions into evidence.'" 346 N.W.2d at 751 (citations omitted) (emphasis added). However, neither the rule (which is obviously one of exclusion rather than one of inclusion) nor settled authority require trial courts to do an on-the-record balancing or state its reasons for *refusing* to receive the evidence. Platt's fifteen-year-old conviction is stale and inadmissible as a matter of law and the trial court only needed to justify its ruling if it had decided to admit it into evidence.

AFFIRMED.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

I cannot quarrel with the sufficiency of the evidence herein and write specially to express my fear that down that long, legal road, a case might arise which will trigger a careful review of language set forth in Issue 2. Under SDCL 19–14–13, as I understand it, the majority opinion is holding that a trial court can technically reject the use of an old conviction for impeachment where the probative value outweighs its prejudicial effect. However, in my opinion, it is preferable that a balancing be reflected upon the record. Obviously, a fif-

teen-year-old conviction is stale. Down that long, winding legal road, which stretches into decades, with different Justices and different trial judges aboard, the law still reaching out for strength and viability, a set of facts might well arise where the conviction is not so stale and the conviction enters the enigmatic evidentiary state of the penumbra. Then, the balancing, so delicate, must surface for the appellate court to review. Without the balancing on the record, those venerable men who sit on this High Court in the future are left without a record upon which to employ their powers of deduction.